

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

Elias Kifle,

    *Pro se* Plaintiff,

v.

    Civil Action No.: 2:24-CV-0207

TikTok, Inc.,
Ethio 360 Media,
Elias Tadesse Tekletsadik,
Nebiyou M. Nega,
Selam Kassa,
Habtamu Ayalew,
Mesganaw Andualem Mihiret,

    Defendants.

---

### FIRST AMENDED COMPLAINT AND INJUNCTIVE RELIEF

Pro Se Plaintiff Elias Kifle ("Plaintiff") files this Complaint for Damages and Injunctive Relief, showing the Court as follows:

### NATURE OF THE ACTION

1. This is a civil action for damages and injunctive relief brought by Plaintiff arising out of defamatory statements constituting defamation per se, as well as violations of privacy rights. These statements were published and broadcast by Defendants Elias Tadesse Tekletsadik, Nebiyou M. Nega, Selam Kassa, Mesganaw Andualem Mihiret, Habtamu Ayalew, and Ethio 360 Media, causing substantial

and irreparable harm to Plaintiff's reputation, personal life, and professional standing. Despite Plaintiff reporting these violations to TikTok, the platform failed to take corrective action.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff, a resident of Georgia, and all Defendants, who reside in different states and countries, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.  The actions alleged in this Complaint are based on the broadcast of defamatory statements via Ethio Media and TikTok, both of which are accessible and were accessed within this judicial district, thereby establishing the Court's jurisdiction.

4.  Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district, and Plaintiff resides in this district. The defamatory statements and violations of privacy were targeted at Plaintiff, who resides in Georgia, thus giving this Court personal jurisdiction over the Defendants.

5.  Therefore, Plaintiff is informed and believes, and on that basis alleges, that jurisdiction and venue are proper in this Court.

## PARTIES

6.      Plaintiff is a private individual residing in the State of Georgia

7.      Defendant TikTok, Inc. ("TikTok") is a social media company with its principal place of business in California. TikTok conducts substantial business in Georgia and operates within this judicial district.

8.      Defendant Elias Tadesse Tekletsadik (also known as Amhara Aquila, and Elias Demissie) ("Tekletsadik") is a frequent Tiktok user and a self-proclaimed leader of an Ethiopian political organization named "One Amhara." His TikTok handle is @amharaaquila3. Based on information and belief, Tekletsadik resides in the United Kingdom. His address will be confirmed through a subpoena to TikTok or other lawful means.

9.      Defendant Nebiyou M. Nega ("Nega") is a frequent TikTok user and a self-proclaimed leader of "One Amhara." His TikTok handles are @zareyaqob and @zareyaqob2, and he operates under the name "Zareyaqob" online. His address will be ascertained through a subpoena to TikTok or other lawful means.

10.     Defendant Selam Kassa ("Kassa") is a frequent TikTok user and a self-proclaimed leader of "One Amhara." His TikTok handle is @abamharafano. His address will be determined through a subpoena to TikTok or other lawful means.

11.     Defendant Mesganaw Andualem Mihiret ("Mihiret") is believed to be a resident of Cambridge, Texas. is believed to reside in Cambridge, Texas. He has over 100,000 followers on TikTok, X, and Facebook, a significant number of whom are located in Georgia.

12.     Defendant Ethio 360 Media ("Ethio 360") is a Virginia-based media company that broadcasts its daily programs via satellite television and social media platforms, including YouTube, X, Rumble, and Facebook. Ethio 360 conducts substantial business in Georgia, and its programs are widely accessed by residents within this judicial district.

13.     Defendant Habtamu Ayalew ("Ayalew")  is the Chief Executive Officer (CEO) of Ethio 360 and the anchor of its daily program, "Zare Min Ale." Ayalew is believed to reside in Maryland.

## FACTUAL ALLEGATIONS

14.     Plaintiff is a researcher, consultant, and unpaid volunteer manager of Mareja TV, a publicly supported television channel. As a private individual, Plaintiff does not engage in public discourse. *See* **Elias Kifle Declaration, ¶ 2.**

**One Amhara Defendants:**

15.     Defendants Nega, Tekletsadik, and Kassa (collectively referred to as the "One Amhara Defendants") claim to be leaders of an Ethiopian political organization called "One Amhara," which advocates for the overthrow of the

Ethiopian government[1] through armed struggle. These defendants regularly host talk shows on TikTok under the banner of "One Amhara" to promote their political agenda. Their live-streamed shows, viewed by thousands, including many residents of Georgia, often devolve into demonizing, degrading, and threatening rhetoric aimed at those with opposing views.

16.     On August 24, 26, 27, and 28, 2024, One Amhara Defendants violated Plaintiff's privacy by displaying unauthorized images of Plaintiff and his family across their TikTok accounts. During the August 29, 2024, TikTok live stream, Defendants falsely accused Plaintiff and his family of embezzling money from the Ethiopian government and incited their followers to seize Plaintiff's properties in Ethiopia. The screenshots below, captured on August 29, 2024, depict posts by Kassa on TikTok and X displaying Plaintiff's photo without consent. Accompanying the image, Kassa labeled Plaintiff a "traitor" and alleged he was dividing the Amhara people, leading the agitated audience to call for action against him. Nega and Tekletsadik also shared the same image on their TikTok accounts.

//

//

---

[1] The Ethiopian government is accused of gross human rights violations by various international human rights organizations.



17.    During the August 29, 2024, five-hour TikTok livestream hosted by

Nega, he falsely accused Plaintiff and his family of being traitors, murderers,

foreign agents, and promoters of genocide, among other baseless allegations. Nega

also displayed several unauthorized photos of Plaintiff and his family on his

TikTok account. For instance, the screenshot below, captured on August 29, 2024,

shows an unauthorized image of Plaintiff's family posted by Nega.



18.     Upon information and belief, One Amhara Defendants initiated their defamatory campaign against Plaintiff and his family, alleging that he denied their request for air time on Mereja TV.

19.     On September 7, 2024, a day after the present lawsuit was filed, One Amhara Defendants publicly acknowledged receiving it during a live TikTok broadcast. Over the course of several hours, they took turns reading the lawsuit and mocking its contents. A brief transcript of their remarks is attached as **Exhibit 1**.

20.     On September 9, 2024, One Amhara Defendants again took to TikTok
to mock the present lawsuit, encouraging their audience to wage an all-out
campaign against Plaintiff and his family. The screenshot below shows the
Defendants displaying the pending lawsuit and inciting their TikTok audience
against Plaintiff.



**Defendant Nega:**

21.     Nega is the primary host of One Amhara's talk show, broadcast on his TikTok accounts @zareyaqob and @zareyaqob2. His content reaches an audience of approximately 100,000 followers.

22.     Between August 24 and 28, 2024, Nega live-streamed over 20 hours of broadcasts on TikTok, during which he falsely accused Plaintiff and his family, including his father and grandfather, of serious crimes such as murder and inciting genocide against the Gondar society in Ethiopia. Throughout the four-day talk show, Nega repeatedly dared Plaintiff to sue him, while Tekletsadik and Selam mocked him, portraying him as ignorant and unable to afford legal representation.

**Defendant Tekletsadik:**

23.     Between August 24 and 28, 2024, Tekletsadik, a co-host of One Amhara's talk show, repeatedly echoed Nega's false accusations, alleging that Plaintiff incited genocide against the Gondar society. Throughout the 20-hour, four-day broadcast, Tekletsadik also directed various insults at Plaintiff—calling him a traitor, foreign agent, and ignorant—deliberately attempting to defame, humiliate, and degrade Plaintiff's character.

**Defendant Kassa:**

24.     Kassa is also a co-host of the One Amhara talk show on TikTok. Between August 24 and 28, 2024, he joined Tekletsadik and Nega in making

numerous false accusations against Plaintiff and his family, including allegations that Plaintiff was promoting genocide against the Gondar society and working to divide the Amhara people in Ethiopia. Kassa shared the four-day broadcast on his TikTok account, @abamharfano, and his X account, @AbAmharaFano.

25.    On August 27, 2024, Kassa shared a meme on his X account that threatened Plaintiff by posting "Rest in Peace, Traitor" alongside Plaintiff's photo. Plaintiff did not authorize the use of his photo, as depicted in the screenshot below, taken from Kassa's X account on the same day:



**Defendant Mihiret:**

26.     On August 28, 2024, Mihiret unlawfully used the logos and letterheads of two Ethiopian political organizations—Amhara Fano in Gondar and Gondar Amhara Fano Command—to draft and release a statement on his X and Facebook accounts. This statement falsely accused Plaintiff of promoting genocide against the Gondar society. The false and malicious accusations were fraudulently issued in the names of these two organizations and shared widely across social media. The statement was also read live on TikTok by One Amhara Defendants, and on YouTube, X, and Rumble by Ethio 360. Thousands of Ethiopians, including those residing in Georgia and other states, further viewed the statement on platforms such as YouTube, X, Rumble, and Facebook.

27.     On August 29, 2024, Mihiret removed the defamatory statement from his Facebook and X accounts. In doing so, he admitted that the two political organizations had not authorized him to issue the statement against Plaintiff. However, Mihiret wrote on his Facebook, expressing his belief in the content of the statement and sharing it from his friend's Facebook account. *See* **Exhibit 2**. The statement remains accessible via the following link:

https://www.facebook.com/story.php?story_fbid=1947225595729884&id=100013273871413

*//*

**Defendant Ethio 360:**

28.     On August 28, 2024, at the urging and coordination of the other defendants, Ethio 360 broadcast the fabricated statement authored by Mihiret, falsely accusing Plaintiff of promoting genocide against the Gondar society in Ethiopia. Ethio 360 further compared Plaintiff to Radio Télévision Libre des Mille Collines (RTLM), a radio station infamous for its role in inciting the 1994 Rwandan civil war, which resulted in nearly one million deaths. Ethio 360's defamatory statements remain accessible on platforms like Rumble and X. *See*:

- Rumble: https://rumble.com/v5crlhx-ethio-360-special-wed-aug-28-2024.html
- X: https://x.com/i/broadcasts/1YpJklawrNNxj

29.     As shown in the screenshot captured on September 2, 2024, the defamatory statement broadcast on Ethio 360's program "Zare Min Ale," and read by co-defendant Ayalew, falsely accusing Plaintiff of inciting genocide against the Gondar society, has been viewed by over 10,000 people on Rumble alone.

//

//

//

//



The same video was transmitted via X, YouTube (which later removed it for policy violations), and Ethio 360's television channel.

**Defendant Ayalew:**

30.     On August 28, 2024, Ayalew read a statement authored by Defendant Mihiret during his daily talk show, falsely accusing Plaintiff of promoting genocide against the Gondar society. Based on information and belief, Ayalew co-authored this statement, which compared Plaintiff's actions to those of Radio Télévision Libre des Mille Collines (RTLM) during the Rwandan genocide. The defamatory

statement remains available on Ayalew's X account: @HabtamuAyalew21. The

screenshot below, captured from Ayalew's X account on August 29, 2024, shows

Ayalew reading the defamatory statement about Plaintiff.



31.    Ayalew also instructed his co-host, Brook Yibas (a non-party to this

lawsuit), to read the lawsuit again during their broadcast. Ayalew's defamatory

statements reached tens of thousands of viewers across Georgia and other states via

platforms like YouTube, X, and Rumble, as well as in Ethiopia through satellite

television.

**Conspiracy to Defame Plaintiff and Violate His Privacy Rights**

32.     The malicious personal attacks by Defendants Ethio 360, Tekletsadik, Nega, Kassa, Mihiret, and Ayalew appear to be part of a coordinated effort. These attacks have not only endangered Plaintiff's safety but also severely damaged his reputation within the Ethiopian community in Georgia. Furthermore, they have caused Plaintiff significant emotional distress and mental anguish. As a direct result of Defendants' reckless actions, Plaintiff has been compelled to change his residence and restrict his movements out of fear for his safety.

**TikTok:**

33.     On August 29 and September 2, 2024, Plaintiff reported the privacy violations committed by Tekletsadik, Nega, and Kassa to TikTok. In addition, Plaintiff requested that TikTok provide the contact information for these individuals so that he could address the matter directly. To date, TikTok has not responded to Plaintiff's requests.

//

//

//

//

//

//

**Table of Plaintiff's Key Allegations**

| Plaintiff's Allegations | Defendant(s) | Platform | Date Published | ¶¶ |
|---|---|---|---|---|
| Defamation - False accusations of promoting genocide against Gondar society | Tekletsadik, Nega, Kassa, Ethio 360, Ayalew, Mihiret | TikTok, X, Rumble, Ethio 360's television channel | August 24, 26, 27, 28, 2024 (TikTok), August 28, 2024 (Ethio 360) | ¶¶ 15-18, 22-31 |
| Invasion of Privacy - Unauthorized use of photos | Tekletsadik, Nega, Kassa | TikTok, X | August 24, 26, 27, 28, 2024 | ¶16-17 |
| Conspiracy to Defame and Violate Privacy | Tekletsadik, Nega, Kassa, Ethio 360, Mihiret, Ayalew | TikTok, X, Rumble, Ethio 360's television channel, Facebook | August 24, 26, 27, 28, 2024 (TikTok), August 28, 2024 (Ethio 360), August 29, 2024 (Facebook) | ¶¶ 15-20, 25-32 |
| Negligence | TikTok, Inc. | TikTok | August 29, September 2, 2024 (Report dates) | ¶33 |

## FIRST CAUSE OF ACTION

### Defamation - Against Ethio 360 and Ayalew

34.    All allegations contained within ¶¶ 1, 12, 13, 27, 28, 29, 30, and 31 are

hereby incorporated by reference as if fully set out herein.

35.    Plaintiff alleges that on or about August 28, 2024, Defendants Ethio

360 and Habtamu Ayalew disseminated false and defamatory statements that

constitute defamation per se. These statements were made during Ethio 360's daily

"Zare Min Ale" program, falsely accusing Plaintiff of advocating genocide against

the Gondar society in Ethiopia. Ethio 360 aired the defamatory statements on its television channel and across social media platforms Facebook, Rumble, and X, reaching tens of thousands of viewers in Georgia and beyond.

36.     Ethio 360 and Ayalew further compared Plaintiff to Radio Télévision Libre des Mille Collines (RTLM), a notorious media outlet that incited genocide during the Rwandan Civil War. This comparison was entirely baseless and malicious, intended to portray Plaintiff as a dangerous individual promoting mass violence, thereby causing significant harm to his reputation and standing in the community.

37.     Ethio 360 and Ayalew made these statements with actual malice, fully aware of their falsity, or with reckless disregard for the truth. Despite knowing the potential harm such statements would cause to Plaintiff's personal and professional life, they published these false accusations to a wide audience.

38.     As a direct and proximate result of Ethio 360 and Ayalew's defamatory statements, Plaintiff has suffered significant harm, including but not limited to:

- Severe damage to his personal and professional reputation.
- Extreme emotional distress and mental anguish, resulting in insomnia, anxiety, persistent headaches, and the need to limit his movements and change his residence for safety concerns.

- A negative impact on his personal relationships and social interactions, causing isolation and fear for his personal safety.

39.     Ethio 360 and Ayalew's actions were willful, malicious, and intended to inflict maximum harm upon Plaintiff, justifying an award of punitive damages.

40.     Plaintiff is entitled to compensatory damages for the harm caused by Defendants' defamatory statements. Additionally, Plaintiff seeks punitive damages to punish Defendants for their egregious conduct and to deter similar actions in the future.

41.     Plaintiff also seeks injunctive relief to prevent Defendants from further disseminating defamatory content and any other relief deemed just and proper by the Court.

## SECOND CAUSE OF ACTION
### Defamation - Against Nega, Tekletsadik, and Kassa ("Defendants")

42.     All allegations contained within ¶¶ 1, 8, 9, 14, 15, and 16 are hereby incorporated by reference as if fully set out herein.

43.     Plaintiff alleges that on August 24, 26, 27, and 28, 2024, Defendants knowingly and maliciously published and disseminated false and defamatory statements about Plaintiff during live broadcasts on TikTok. These broadcasts reached a substantial audience, causing significant harm to Plaintiff's personal and professional reputation in Georgia.

44.    Defendants falsely accused Plaintiff of engaging in criminal activities, including inciting genocide against the Gondar society and committing murder. These accusations were not only false but were made with actual malice and with the intent to harm Plaintiff's reputation, credibility, and standing in the community. On August 29, 2024, Defendants agitated their followers to confiscate Plaintiff's properties in Ethiopia.

45.    During the live broadcasts, Defendant Nega hosted over 20 hours of defamatory rants, repeatedly accusing Plaintiff and his family of being traitors, foreign agents, and promoters of genocide. Nega publicly dared Plaintiff to file a lawsuit against him and his co-hosts. At the same time, Tekletsadik and Kassa participated in mocking and ridiculing Plaintiff, portraying him as ignorant and incapable of defending his rights.

46.    Tekletsadik and Kassa not only repeated and amplified Nega's false statements but also contributed their own defamatory remarks. Tekletsadik falsely accused Plaintiff of being a foreign agent and a mass murderer, while Kassa accused Plaintiff of promoting genocide and dividing the Amhara people. These defamatory statements were published on their respective TikTok accounts, reaching thousands of viewers during the four-day verbal onslaught that continued even after Plaintiff filed the initial Complaint.

47.    The defamatory statements made by Defendants constitute defamation per se, as they falsely impute serious criminal conduct to Plaintiff. The accusations were entirely baseless and were intended to destroy Plaintiff's reputation within his community and inflict significant emotional and psychological harm.

48.    Defendants acted with actual malice, knowing the statements were false or with reckless disregard for their truth. Their actions were part of a coordinated effort to defame and vilify Plaintiff.

49.    As a direct and proximate result of Defendants' defamatory statements, Plaintiff has suffered significant harm, including but not limited to:

- Damage to his personal and professional reputation, leading to loss of respect, credibility, and professional opportunities within the community.

- Severe emotional distress and mental anguish, manifesting as anxiety, depression, and a constant fear for his personal safety.

- Negative impacts on his personal relationships, leading to isolation and strained interactions with family, friends, and colleagues.

50.    Defendants' conduct was willful, malicious, and intended to inflict maximum harm upon Plaintiff, warranting an award of punitive damages.

51.    Plaintiff is entitled to compensatory damages for the harm caused by Defendants' defamatory statements. Additionally, Plaintiff seeks punitive damages

to punish Defendants for their malicious conduct and to deter similar future
actions.

52.    Plaintiff also requests injunctive relief to prevent Defendants from
continuing to publish or broadcast further defamatory statements about him, and
any other relief deemed just and proper by the Court.

## THIRD CAUSE OF ACTION
### Invasion of Privacy - Against Nega, Tekletsadik, and Kassa

53.    All allegations contained within ¶¶ 16, 17, and 18 are hereby
incorporated by reference as if fully set out herein.

54.    Plaintiff alleges that Defendants Elias Tadesse Tekletsadik, Nebiyou M.
Nega, and Selam Kassa (collectively, "Defendants") unlawfully invaded his
privacy by publicly displaying unauthorized photographs of Plaintiff and his family
during live TikTok broadcasts on August 24, 26, 27, and 28, 2024. These
broadcasts were widely viewed, reaching thousands of individuals, particularly
many within the Ethiopian community..

55.    Defendants used these personal images without Plaintiff's consent and
with malicious intent to harm Plaintiff's reputation and inflict emotional distress.
The unauthorized display of these photos was part of Defendants' coordinated
campaign to defame Plaintiff, falsely associating him with extremely serious
crimes.

56.     By displaying private family photos in such a public manner, Defendants invaded Plaintiff's right to privacy and violated his right to control the dissemination of personal and family images. These acts were intentional, reckless, and designed to amplify the harm caused by Defendants' defamatory statements.

57.     The public display of these private images was intended to expose Plaintiff and his family to ridicule, contempt, and harm. Defendants repeatedly broadcast these images to accompany false accusations of genocide and murder, further exacerbating the emotional and psychological harm Plaintiff suffered.

58.     Defendants' actions constitute a clear invasion of Plaintiff's privacy, as they publicly disclosed personal and private facts about Plaintiff without any legal justification. This unlawful disclosure violated Plaintiff's reasonable expectation of privacy, particularly given the deeply personal nature of the images involved.

59.     As a direct and proximate result of Defendants' invasion of privacy, Plaintiff has suffered significant harm, including but not limited to:

- Severe emotional distress and mental anguish, manifesting as anxiety, depression, and fear for his personal safety.

- A profound sense of violation and loss of privacy, causing Plaintiff to feel exposed and vulnerable.

- Negative impacts on his personal relationships and social interactions, leading to isolation and strained relationships with family, friends, and colleagues.

60.    Defendants acted willfully, maliciously, and with the intent to maximize the harm to Plaintiff, justifying an award of punitive damages to punish their egregious conduct and deter future invasions of privacy.

61.    Plaintiff is entitled to compensatory damages for the emotional distress, reputational damage, and invasion of privacy caused by Defendants. In addition, Plaintiff seeks punitive damages for the willful and malicious nature of Defendants' actions.

62.    Plaintiff further requests injunctive relief to prevent Defendants from making any further unauthorized disclosures of his personal images or invading his privacy in the future, as well as any other relief deemed just and proper by the Court.

## FOURTH CAUSE OF ACTION
### Defamation - Against Mihiret

63.    All allegations contained within ¶ 26 are hereby incorporated by reference as if fully set out herein.

64.    Plaintiff alleges that on August 28, 2024, Defendant Mesganaw Andualem Mihiret used the logos and letterheads of two Ethiopian political

organizations, Amhara Fano in Gondar and Gondar Amhara Fano Command,
without authorization to write and release a defamatory statement on his X and
Facebook accounts, falsely accusing Plaintiff of promoting genocide against the
Gondar society.

65.     The defamatory statement, which was released fraudulently in the name
of the two political organizations, was widely shared on social media platforms,
including X, Facebook, and TikTok. It was also read live on TikTok by other
defendants, where it reached an audience of tens of thousands of Ethiopians,
including individuals residing in Georgia.

66.     On August 29, 2024, Mihiret removed the defamatory statement from
his X and Facebook accounts but continued to share the content through other
channels, stating that while the organizations did not authorize the statement, he
believed in its content.

67.     Defendant Mihiret made these defamatory statements with actual
malice, knowing that the accusations were false or acting with reckless disregard
for the truth. These actions were part of a broader coordinated effort by the
defendants to damage Plaintiff's reputation and standing within the Ethiopian
community in Georgia.

68.     As a direct and proximate result of Mihiret's defamatory statement,
Plaintiff has suffered significant harm, including but not limited to:

- Severe damage to his personal and professional reputation, leading to loss of business opportunities and community standing.
- Extreme emotional distress, anxiety, and fear for his personal safety.
- Isolation and strained personal relationships as a result of the defamatory statements.

69.     Defendant Mihiret's actions were willful, malicious, and intended to inflict maximum harm on Plaintiff, justifying an award of punitive damages.

70.     Plaintiff is entitled to compensatory damages for the harm caused by Mihiret's defamatory statements. Additionally, Plaintiff seeks punitive damages, injunctive relief to prevent further dissemination of defamatory content, and any other relief deemed just and proper by the Court.

## FIFTH CAUSE OF ACTION
### Negligence - Against TikTok, Inc.

71.     Plaintiff incorporates by reference ¶ 33 as though fully set forth herein.

72.     TikTok is a social media platform that owes a duty of care to its users, including Plaintiff, to take reasonable actions in response to reports of violations of privacy rights.

73.     Plaintiff reported to TikTok the defamatory statements and privacy violations perpetrated by Defendants Elias Tekletsadik and John Doe through TikTok's platform. Plaintiff specifically requested that TikTok take action to

remove the unlawful content and provide him with the contact information of the violators so that he could address the issue directly.

74.     Despite receiving these reports, TikTok failed to respond to Plaintiff, let alone take any reasonable action to remove the content or to provide the requested contact information. This failure constitutes a breach of TikTok's duty of care owed to Plaintiff.

75.     TikTok's inaction allowed the defamatory and privacy-violating content to remain accessible on its platform, further spreading the harm to Plaintiff and exacerbating the damage to his reputation and emotional well-being.

76.     Plaintiff seeks an order compelling TikTok to remove the defamatory content or, at the least, to provide the contact information of Elias Tekletsadik, John Doe, @abamharafano, to enable Plaintiff to pursue legal action.

## RELIEF SOUGHT

Plaintiff seeks the following relief from this honorable court:

1. **Compensatory Damages**: Award compensatory damages to Plaintiff for the significant harm suffered, including but not limited to damage to his personal and professional reputation, emotional distress, mental anguish, and the impact on his personal relationships, all of which resulted from the

defamatory statements, invasion of privacy, civil conspiracy, and negligence perpetrated by the Defendants.

2. **Punitive Damages**: Award punitive damages to Plaintiff to punish Defendants Ethio 360, Ayalew, Tekletsadik, Nega, Kassa, and Mihiret for their willful, malicious, egregious, and unconscionable conduct.

3. **Injunctive Relief**:

   ○ Issue an order requiring TikTok to remove the defamatory content from its platform immediately and to take all necessary measures to prevent further dissemination of such content.

   ○ Issue an injunction prohibiting Defendants Ethio 360, Ayalew, Tekletsadik, Nega, Kassa, and Mihiret from publishing or broadcasting any further defamatory statements about Plaintiff.

4. **Declaratory Relief**: Issue a declaration that the defamatory statements disseminated by Defendants Ethio 360, Ayalew, Tekletsadik, Nega, Kassa, and Mihiret are false, defamatory, and constitute an unlawful invasion of Plaintiff's privacy.

5. **Retraction Order**: Issue an order requiring Defendants, excluding TikTok, Inc., to issue a formal public retraction of the defamatory statements. This

retraction should be published on the same platforms (including TikTok, Rumble, X, and Ethio 360's television channel) where the original defamatory content appeared.

6. **Disclosure Order**: Compel TikTok to disclose the contact information of Tekletsadik, Nega, and Kassa, enabling Plaintiff to effectuate service of process and pursue additional legal remedies.

7. **Other Relief**: Grant any other relief that the Court deems just and proper in the interests of justice and to fully redress the harms caused to Plaintiff by Defendants' unlawful actions.

Dated: September 10, 2024,                Respectfully submitted.

Elias Kifle, *Pro se* Plaintiff

/s/ Elias Kifle

_____
Signature of Plaintiff
Elias Kifle
1595 Peachtree Pkwy Ste 204-165
Cumming GA 30041

Email: eliaskifle@gmail.com
Tel:  770 296 2095

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

Elias Kifle,

      *Pro se* Plaintiff,

v.

TikTok, Inc.,
Ethio 360 Media,
Elias Tadesse Tekletsadik,
Nebiyou M. Nega,
Selam Kassa,
Habtamu Ayalew,
Mesganaw Andualem Mihiret,

      Defendants.

Civil Action No.:  2:24-CV-0207

# EXHIBITS

# EXHIBIT 1

The following is a translation of the brief transcript from Defendant Nega's lengthy TikTok rant on September 7, 2024, about Plaintiff and this lawsuit.

> **Nega: "I am telling you to sue me. Why do you contact me privately? Why don't you hire a good lawyer? You can find my address if you hire a good lawyer. You don't have the capacity to hire a lawyer. ..."**

After saying that, Nega, joined by Defendants Tekletsadik and Kassa, mocked and ridiculed the lawsuit for the next 3 hours while reading Plaintiff's allegations.

# EXHIBIT 2



**Mesganaw Andualem**
August 29 at 3:11 PM · 🌐

ትክክል ነው። ትናንት የሰጠውቅትትን እንስቸዊስ። የእነሱን ሰጎ ላለማጠቃም ሲባል። በተረፈ ይሄ መጣለጫ ከፍተኛ የፖለቲካ ድርሻ የተቀዳጀጋበት፤ የጎንደር አማራ ህዝብ እውተተኛ ሰሜኑን የባለጠበት ነው።



**Mulat Adino Ezezew**
August 29 at 3:06 PM · 🌐

ይህ መጣለጫ በባለ የማምንበት ስለሆነ በባለ አውጣቸለሁ። ማንም ያውጣው ማንም መጣለጫው ግን ትክክል ነው።

የሰሰት ትርከት ፌጥሮ መግደል፤ ፌርጅ ማሳደርን እንታገስም!!

የአማራ ሕዝብ የህልውና ትግል ከጀመረበት ወሳኝ ወቅት ጀምሮ የውስት እና የውጭ ጠላቶቻችን በህልውና ትግላችን ላይ በመሳሳ ልብ እና ኃይላቸን እንዳናቀተር የተጠኑ፤ የተደራጁና በበጀት የተደገፉ ሴራዎች ተሰርተውብናል።

ከብዙ በጥቂቱ ማውሳቱ ካስፈለገ በእርስ ኳስትና በሰብዓዊ አሴቶቻችን የተሰጠንን ምክንን ስሞችን ለማጉደፍ፤ አማራዊ ሕብረታችን ለመጠተን "ጀውሳ" የሚል የሰሰት ትርከት ፈጥረዋል፤ "ስኳሯ" በሚሳት ከፋፋይ ትርከት ላይ የተመሰረተ የፌጠራ ሰነት ተጠጅቶች ከመሱተ አማራነትን ለማፍረስ ተሰረተበዳል። አማራዊ ኃይልችንን ተፈታትተዋል፤ የህልውና ትግላን አዚስበረጋ ከፀጠልጎነት ጊዜ ጀምሮ የአማራ ፋኖን ትግል ከኢህዘብ ልብ ለመንጠል ዘሩራ እና ነብስ ገደበ ቡድን አለማ ግርተዋል። የከፈከት ዓመት ወንጅ ህፃን ልጅ ሳይቀር ይቅረዋል፤ አቅመ ደካሞቻን የቄሳ ተማሪዎችን ጭምር በጀዋሳ ረጅዋል።

በእሁኑ ወቅትም መርገ የሚተፋ ግለሰዎች በ"መረጃ ቴቪ" በከፋ ከፍሰት የተሰጠን አጀንዳ በመያዝ "ስኳሯ" በሚል ፍረጃ እየገጠ ቅስቀሳ በዘመቻ መልኩ ቀጥለዋል። ይህ "ስኳሯ" የሚባል የሰሰት ትርከት መነሻ ፍሳጥ የታላቀ ጎንደር አማራ ሕዝብናን ውሳጣዊ እንድንት ለመበተን፤ ታ ጎይ ልጆቿን ለማሳከስ፤ የስማራ ልጆኝ ለማነጻር፤ ተተቱ ትውልፊን ለማጥላሳት፤ ጎንደርን እና ጎንደሩን ከትግል ሜዳው ለማገፋፋት አልፎም አማራነትን ለመጠተን በውስጥና በወጭ የአማራ ጠሳቶች የተፌጠረ፤ አሁን ድርስ የቀጠለ "አጀንዳ" ነው።

ይህን "ስኳሯ" በሚል ፍረጃ፤ በታሳቁ የጎንደር አማራ ላይ የተጀመረው ዘመቻ፡- ቤንንጎጉልጉ ንምዝ ላይ "ቀይቶ እናፋፋ" የሚለው ዘመቻ፤ አሮሚያ ከልል ውስጥ "ነፍጠኛን እናፋፋ"፤ "ጦጤን እናበዝወጅ"፤ ወይም ለዓመጣኃ ቦ ራ-ያ፤ ወልቃይትን ጠንጃ ጠለዋኝት የአማራ ርስቶች ላይ "ጨቋኝን አማራ እናፋፋ" በሚል ፍረጃ የሰሰት ትርከት አማሩን በጅምሳ ለማጥቃት ከተደ ጎ የአማራ ጠል ቡርኳቻ የዚ ማጥፋት ቅስቀሳ ለይቶን እናየውም።

በሳዕሮረ ጠላቶቻችን በተደራጁኘ በበጀት በተደገፈ መልኩ በሳተላይ ዘ ደረጃ በ"መረጃ ቴቪ" እና በማህበራዊ ሚዲያዎች "ስኳሯ" የሚል የፍረጃ ስም ስጥ የማደረጊ የሰሰት ትርከት ሰርቶ የመ ፍጠል ተግበርን የህልውና ትግሉ አንድ አካል በማድረግ በጥቀጥ ጥምሮ አማርን የማንጉ ገለው መሁኑን በልጀቮ ላይ ዘመሮ የተከፈተበት የጎንደር አማራ ኑሮ መሳው አማራዊ ሕዝብናችን እንዲያውቅልነ እንፈልጋለን።

በሀገባችን፤ በፋኖ ታጋዮች እና አመራሮች ላይ የሚረረገን ማንዴውንም ዓይነት የሰሰት ትርከት እንጅምኝታካ አያሳውቅ የሚከተሉተን ዋሪ ማሳሰቢያና ማስጠታቀቂያዎች አናስተሳለፊለን:-

1. "መረጃ ቴቪ" የርዋዝዳ ራዲዮ ኮሚስክ (RTLM) አኳ አሆነ መምጣ እ በተሳነ በታላቀ የጎንደር አማራ ሕዝብ ላይ አማራ - ጠል ቡርኳዊ በጅፋሰት መንገድ የሰሰት ትርከት ማጓለብ ማስታወጥ ሀዋ ተንኝደል፤ በዚህ አንድ ከህዝው አማርንት ነትበ ህዝበነ በተወሰደበት ዋዛት ላይቶ ለዘር ማጥፋት ወንጀል አያዘጋጀ በመረት አነተፈፈጠው ላቱ ፀራ -ጎንደር አስተሳሰብ እና ድርጊቶቸ ታላፋኬትን የሚፈጥሩ አያሳውቅን፤ ጥብረበ አኳበስጉ ሳስተስፈፋቾወ ፀራ -ጎንደር፤ ፀራ - አማራ አንደንተ ዘገባዎቸ ይቅርታ እንደጠይቅ እና ይህ ዘገባ እንዲደገም ቀኖ አስተባይ በሆነ አፈ አልፋን ከዋሳ ላይ የእንጎ እርዶጃ እንዲወፋድ እናመ ጼአሱ፤ በተጨማርም በ"መረጃ ቴቪ" (RTLM) አማኽኝት ከላይ የተጠቀሱትን ዓይነት ይዘት ያላቸውን ምስልና መልዕክቶች ከጎዛፈ ጎዋ-ቴበነ ታጋው ፀፋ ፀ የአማ-እንደነት ዘገበፆ ደ ፀ-ርገ ማዋ ማጥፋት ማጥፋት ላይ ኢላ ፀፋ አማሶፌ ዘ በላአመላዝ -ጎንደር፤ ፀራ ፀ ላይ ሰሜደርሰመ የዚ ማጥፋት እልቂት ተጠያቄ የምፍደርባ መሁኑን በቅድሚ ለማሳወቅ እንወዳለን።

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Elias Kifle,<br>　　　*Pro se* Plaintiff, | |
| v. | Civil Action No.:  2:24-CV-0207 |
| TikTok, Inc.,<br>Ethio 360 Media,<br>Elias Tadesse Tekletsadik,<br>Nebiyou M. Nega,<br>Selam Kassa,<br>Habtamu Ayalew,<br>Mesganaw Andualem Mihiret,<br>　　　Defendants. | |

## CERTIFICATION OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document has been served upon Defendants by regular mail and electronically via email and WhatsApp:

Dated: September 10, 2024,　　　　Respectfully submitted.

　　　　　　　　　　　　　　　　Elias Kifle, *Pro se* Plaintiff

　　　　　　　　　　　　　　　　/s/ Elias Kifle

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Signature of Plaintiff
　　　　　　　　　　　　　　　　Elias Kifle
　　　　　　　　　　　　　　　　1595 Peachtree Pkwy Ste 204-165
　　　　　　　　　　　　　　　　Cumming GA 30041

　　　　　　　　　　　　　　　　Email: eliaskifle@gmail.com
　　　　　　　　　　　　　　　　Tel:  770 296 2095